UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Ardent Harmony Fund Inc.,<br><br>　　　　　　Debtor. | Chapter 15<br><br>Case No.: 16-12282 |

### DECLARATION OF RACHAEL REYNOLDS IN SUPPORT OF
### (I) THE VERIFIED PETITION FOR RECOGNITION OF FOREIGN
### PROCEEDING AND (II) MOTION IN SUPPORT OF VERIFIED
### PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND
### FOREIGN REPRESENTATIVE AND FOR RELATED RELIEF

I, Rachael Reynolds, declare as follows:

1. I am an individual over 21 years of age and am competent to testify and to provide this Declaration in support of the *Verified Petition for Recognition of Foreign Proceeding Under Chapter 15* (the "Verified Petition") and the *Motion in Support of the Verified Petition for Recognition of Foreign Proceeding and for Related Relief* (the "Motion").

2. I am a partner and Head of Dispute Resolution at the law firm of Ogier. I am based in the Cayman Islands office and a member of the firm's Restructuring and Insolvency Group. My practice regularly involves fraud and international asset tracing claims.

3. I earned an Honours Bachelors degree in Jurisprudence from Oxford University in the United Kingdom in 1998 and completed the Bar Vocational Course at the Inns of Court School of Law, London, and was called to the Bar of England and Wales in 1999. I am also a contributing author to International Asset Tracing in Insolvency, Oxford University Press, 2010.

4. I was admitted to the Bar of the Cayman Islands in 2007 and have practiced in the Cayman Islands continuously since that time. I regularly represent joint official liquidators and other parties in liquidations in the Cayman Islands.

5.      I represent Michael Pearson and Andrew Childe (together, the "JOLs"), in their capacity as Joint Official Liquidators for Ardent Harmony Fund Inc. ("Ardent"). I represent the JOLs in Ardent's liquidation proceedings, pending in the Grand Court of the Cayman Islands (the "Cayman Court"), Financial Services Division, Cause No. FSD 54 of 2016 (the "Cayman Proceeding").

6.      Based on the foregoing, I am familiar with Cayman Islands insolvency law and the Cayman Proceeding.

### A.     Ardent and Appointment of the JOLs

7.      Ardent is registered as an open-ended "mutual fund" under Section 4(1)(b) of the Mutual Funds Law (Revised) of the Cayman Islands.

8.      Berkeley Hanover, Inc. ("BHI"), an entity wholly-owned by Berkeley Hanover, Limited, is Ardent's investment manager and the sole voting shareholder of Ardent. BHI is incorporated in the Cayman Islands.

9.      I have been advised that Ardent's strategy was to invest with credit advisors who manage accounts receivables financing transactions. These transactions, which are commonly referred to as factoring transactions, involve the sale of accounts receivable to a third party, usually at a discount.

10.     On April 26, 2016, by written resolution of BHI as the sole voting shareholder of Ardent (the "Special Resolution"), Ardent was placed into voluntary liquidation pursuant to section 116(c) of The Companies Law (2013 Revision) (the "Companies Law"). Pursuant to the Special Resolution, the JOLs were appointed voluntary liquidators for the purpose of winding up Ardent.

11. On April 28, 2016, the JOLs presented a petition in the Cayman Court to place the winding up of Ardent under the supervision of the Cayman Court. This is a mandatory step under Cayman Islands law in the event the directors of a company are unable to swear a declaration of solvency to the effect that the company will be able to pay its debts in full together with interest within a 12 month period (section 124 of the Companies Law).

12. By an Order dated May 10, 2016, the Cayman Court in the Cayman Proceeding ordered, *inter alia*, that (i) the liquidation of Ardent shall continue under the supervision of the Cayman Court, (ii) the JOLs are appointed and authorized to act jointly and severally on behalf of Ardent, (iii) the JOLs shall have all of the powers set out in Part 1 of the Third Schedule to the Companies Law and may exercise such powers without further sanction of the Cayman Court (the "JOLs' Powers"), and (iv) the JOLs are entitled to receive remuneration for their services (the "Supervision Order"). A true and correct copy of the Supervision Order is attached to the *Evidence of the Foreign Proceeding and Statements and Lists Required by Section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure*.

13. As a matter of Cayman Islands law, the winding up of Ardent is deemed to have commenced on April 26, 2016 (the date of the Special Resolution). *See* section 117 of the Companies Law.

14. Subject to the ultimate control of the Cayman Court, the JOLs are the sole persons authorized (jointly and severally) to act on behalf of Ardent.

15. Since their appointment, the JOLs have:

   a) communicated with stakeholders and have held the first meeting of creditors;

b)  commenced litigation against Bruin Funding LLC ("Bruin") and RMP Capital Corp. Inc. ("RMP Capital") in New York state court;[1]

c)  maintained Ardent's books and records;

d)  procured the transfer of Ardent's cash balances to accounts under the control of the JOLs; and

e)  hired professional advisers to assist in the recovery effort.

B.  **Notice to Creditors and Contributories[2] of the Cayman Proceeding**

16. Section 123 of the Companies Law provides in pertinent part that:

Within twenty-eight days of the commencement of a voluntary winding up, the liquidator … shall-

(a)  file notice of the winding up with the Registrar;

(b)  file the liquidator's consent to act with the Registrar;

(c)  file the director's declaration of solvency with the Registrar (if the supervision of the court is not sought);

(d)  in the case of a company carrying on a regulated business, serve notice of the winding up upon the Monetary Authority; and

(e)  publish notice of the winding up in the Gazette.

17. In compliance with Section 123 of the Companies Law, (a) on April 26, 2016, the JOLs filed notice of the winding up of Ardent with the Registrar of Companies (the "Registrar"); (b) on April 26, 2016, the JOLs filed with the Registrar their consent to act; and (c) on April 28, 2016 the JOLs served notice of the winding up upon the Cayman Islands Monetary Authority.

---

[1] I have been informed that on April 29, 2016, the JOLs caused Ardent to commence an action against RMP Capital and Bruin by filing a summons and complaint in the Supreme Court of the State of New York, Nassau County, captioned *Ardent Harmony Fund Inc. v. RMP Capital Corp., Inc., et al.*; Index No. 603046/2016.

[2] "Contributories" for all practical purposes are shareholders.

- 4 -

18. Finally, as prescribed by law, on May 9, 2016, the JOLs caused notice to be published in the Cayman Islands Gazette of (i) Ardent's placement into voluntary liquidation, (ii) the JOLs appointment as Joint Official Liquidators of Ardent, and (iii) the deadline for creditors of Ardent to prove their debts or claims. A true and correct copy of the foregoing notice is attached hereto as <u>Exhibit A</u>.

19. Furthermore, Section 98 of the Companies Law provides:

When a winding up order is made, the liquidator shall-

    (a)    file a copy of the winding up order with the Registrar; and

    (b)    publish notice of the winding up in the Gazette and any newspaper in which the winding up petition was advertised.

20. In accordance with Section 98(b) of the Companies Law the JOLs published in the Gazette notice of the Supervision Order on June 6, 2016. A true and correct copy of the foregoing notice is attached hereto as <u>Exhibit B.</u>

### C.   Cayman Islands Judicial System and The Companies Law

#### 1.   The Cayman Judicial System

21. Subject to certain laws, the Cayman Court possesses and exercises a jurisdiction within the Cayman Islands similar to that which is vested in, or is capable of being exercised in England by the English High Court and the Divisional Courts of that Court. Subject to certain restrictions, an appeal as of right will lie to the Cayman Court of Appeal with respect to final orders and, with leave of court, with respect to interlocutory appeals (with certain exceptions). A further appeal may lie to the Privy Council in respect of a judgment, decree, order or declaration of the Cayman Court of Appeal.

22. The legal system of the Cayman Islands is an English-style common-law system based upon the doctrine of precedent. The *rationes decidendi* of decisions of the Privy Council

in appeals from the Cayman Islands courts are binding on the Cayman Islands courts in subsequent cases. Where the law is the same, the Cayman Court also considers itself bound by Privy Council decisions from other countries.

23. In the absence of specific Cayman Islands binding authority, the Cayman Islands courts will regard as highly persuasive relevant decisions of the superior courts of record of England and Wales, although such decisions are not, strictly speaking, binding on the Cayman Islands courts. Similarly, relevant decisions of the senior courts of record of the other jurisdictions of the United Kingdom and of members (and former members) of the British Commonwealth are likely to have persuasive value in the Cayman Islands courts where the legal principle under consideration is the same or substantially the same.

### 2. Winding-Up Proceedings and Appointment of Official Liquidators

24. The substantive law relating to the winding up of companies incorporated in the Cayman Islands is contained in Part V of the Companies Law.[3] The provisions of Part V apply to companies formed and registered under the Companies Law or its predecessors, including companies that are formed as exempted companies, and foreign companies in respect of which the Cayman Court has made a winding-up order.

25. The Companies Law provides for three different modes for winding up Cayman Islands companies, although there is considerable overlap of provisions relating to each system and relating to the powers and duties of the liquidators. They are: (1) winding up by order of the Cayman Court, (2) voluntary winding-up initiated by a resolution of the shareholders, and (3) voluntary winding-up initiated by a resolution of the shareholders, but subject to the supervision of the Cayman Court.

---

[3] Additional laws apply to banks and insurance companies.

26. The substantive law contained in Part V of the Companies Law is supplemented by detailed rules governing the practice and procedure for insolvencies of companies that are set out in the Company Winding Up Rules, 2008 (as amended), the Insolvency Practitioners Regulations 2008 (as amended), and the Grand Court Rules 1995 (as amended), together with a detailed body of local case law.

27. Pursuant to section 92 of the Companies Law, a company may be wound up by the Cayman Court if, among other things, the company has passed a special resolution requiring winding up or if it is unable to pay its debts. The test that is applied to determine whether a company is unable to pay its debts is based on a cash-flow test of solvency. Pursuant to section 94 of the Companies Law, a creditor (including any contingent or prospective creditor), contributory (which for all practical purposes means a shareholder), or the company[4] can petition for the compulsory winding-up of a company on the grounds set out in section 92.[5]

28. In this case, the winding up of Ardent was initiated through a voluntary resolution of the sole shareholder, but is now subject to the supervision of the Cayman Court, and the Liquidators have been appointed as the JOLs, pursuant to the Supervision Order.[6]

---

[4] The orthodox common law position is that a company can only petition for its own winding up where the directors have obtained the authorization of the shareholders to do so by way of a shareholder resolution. *See Re Global Opportunity Fund* [1997] CILR N-7 applying *Re Emmadart* [1979] 1 All E.R. 599. Section 94(2) of the Companies Law was introduced in 2009 to allow companies incorporated after March 1, 2009 to include express authorization in their Articles of Association permitting the directors to file a winding up petition without the resolution of the shareholders passed at a general meeting. While there was Cayman Islands authority (*Re China Milk Products Group Ltd.* [2011] 2 CILR 61) for the proposition that the directors of an insolvent company have standing to bring a winding up petition without the need for shareholder authorization, the Cayman Islands Courts have recently confirmed that authorization in the company's Articles of Association or from the shareholders is required (*Re China Shanshui Cement Group Limited*, unreported, Mangatal J., Nov. 25, 2015).

[5] The Cayman Islands Monetary Authority also may do so if the company is carrying on regulated business.

[6] Section 97(1) of the Companies Law provides that upon the making of a winding up order, no suit or other proceeding may be commenced or continued against the company except with leave of the Cayman Court and subject to such terms as that Court might impose. This automatic stay mirrors the stay imposed in U.S. bankruptcy proceedings and serves to promote the liquidator's ability to deal with claims and creditors collectively and comprehensively.

29. An official liquidator is an officer of the Cayman Court. Pursuant to section 110(1)(a) of the Companies Law, his function is to "(a) collect, realise and distribute the assets of the company to its creditors and if there is a surplus, to the persons entitled to it, and (b) to report to the company's creditors and contributories upon the affairs of the company and the manner in which it has been wound up."

30. Except as otherwise ordered by the Cayman Court, Schedule 3 to the Companies Law sets out the powers that an official liquidator may exercise *with* sanction of the Cayman Court (Part 1) and *without* sanction of the Cayman Court (Part 2).

31. Schedule 3 provides that an official liquidator is permitted to exercise the following "Part 2" powers without the Cayman Court's sanction:

    a. Take possession of, collect and get in the property of the company, and for that purpose to take all such proceedings as he considers necessary;

    b. To do all acts and execute in the name and on behalf of the company all deeds, receipts and other documents and for that purpose to use the company seal;

    c. To prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance as a separate debt due from the bankrupt or insolvent and rateably with other creditors;

    d. To draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company as if made by the company in the course of its business;

    e. To promote a scheme of arrangement;

    f. Convene a meeting of creditors and contributories; and

    g. To do all other things incidental to the exercise of his powers.

*See* Companies Law, Section 110, Schedule 3, Part 2.

32. Pursuant to Part 1, an official liquidator is authorized and empowered to take the following actions subject to the Cayman Court's sanction, and any creditor or party in interest

may apply to the Cayman Court with respect to the exercise or proposed exercise of such powers:

    a. Bring or defend any action or other legal proceeding in the name and on behalf of the company;

    b. Carry on the business of the company so far as may be necessary for its beneficial winding up;

    c. Dispose of any property of the company to a person who is or was related to the company;

    d. Pay any class of creditors in full;

    e. Make any compromise or arrangement with creditors or persons claiming to be creditors;

    f. Compromise debts and liabilities between the company and a contributory or alleged contributory debtor or person apprehending liability to the company;

    g. Deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of such call, debt, liability or claim, and to give a complete discharge in respect of it;

    h. Sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels;

    i. Raise or borrow money and grant securities therefor over the property of the company;

    j. Engage staff to assist in the performance of his duties; and

    k. Engage attorneys and other professionally qualifies persons to assist him in the performance of his duties.

*See* Companies Law, Section 110, Schedule 3, Part 1.

33. Under the Companies Law, the official liquidator is also empowered to investigate (i) the causes for the failure of the debtor company's business, as well as (ii) generally, the promotion, business, dealings and affairs of the debtor company. *See* Companies Law at § 102.

34. A key principle underlying the Companies Law and the Cayman Proceeding is that the claims of investors and creditors within the same class are treated on a *pari passu* basis. *See* Companies Law at § 140. I understand that this is also a key principle of the U.S. Bankruptcy Code.

35. Notwithstanding that a winding up order has been made, a creditor who has security over the whole or part of the assets of a company is entitled to enforce his security without the leave of the Court and without reference to the liquidator. *See* Companies Law at § 142. Accordingly, under Cayman Islands law, assets over which a valid, fixed security has been granted fall outside of the liquidation estate.

36. Out of the assets that fall into the liquidation estate, the JOLs are bound to pay creditors in the following order of priority after taking into account the expenses of the liquidation:

   i.  preferential debts pursuant to section 141 of the Companies Law;

   ii. secured creditors whose security is subject to a floating charge; and

   iii. all other unsecured creditors on a *pari passu* basis subject to any other legal requirements or agreements otherwise which bind the company, pursuant to Section 140 of the Companies Law[7].

*See also* Companies Winding Up Rules (2008), Order 16, entitled "Proof of Debts in Official Liquidation."

37. There are no provisions in Cayman Islands insolvency law creating any special prejudice or inconvenience for the processing of U.S. claims in a Cayman Islands winding-up.

---

[7] A recent unreported Ruling of the Grand Court in proceedings between Primeo Fund and Herald SPC dated June 12, 2015 implies that shareholders who have redeemed their shares prior to the commencement of the liquidation and are due payment will rank equally with external unsecured creditors. The Court of Appeal heard an appeal from the Ruling in April 2016, but judgment is awaited.

Thus, there would be no different treatment of U.S. and Cayman Islands creditors or investors based on their residency or nationality. In addition, pursuant to the Cayman Islands Companies Winding Up Rules 2008 (as amended), creditors of the insolvent company may assert their claims by submission of a proof of debt by mail and are not required to appear in person before the Cayman Islands Grand Court or the liquidator.

### D.     Additional Facts Regarding to the Debtor's Center of Main Interests

38.     Ardent is registered in the Cayman Islands under Registration No. 246187.

39.     A company incorporated under the Companies Law may be established as an "exempted" company or as an "ordinary" company. Both types of company are required to make certain annual statutory filings with the Registrar. However, an exempted company differs in that it is prohibited from undertaking business in the Cayman Islands except in furtherance of its business carried on outside the Cayman Islands.[8] Specifically it may effect and conclude contracts in the Cayman Islands and exercise in the Cayman Islands all of its powers necessary for the carrying on of its business outside the Cayman Islands (so it may employ staff or agents in the Cayman Islands or have offices in the Cayman Islands in furtherance of its business outside the Cayman Islands once it has obtained any appropriate trade licenses).

40.     Although upon its incorporation Ardent (as an "exempted" company) was restricted from carrying on business within the Cayman Islands, this did not mean that Ardent lacked a presence in the Cayman Islands. For example, Ardent's registered office prior to the commencement of the voluntary liquidation was located at Elian, 89 Nexus Way, Camana Bay, Grand Cayman KY1-9007.

---

[8] Requirements are such that the operation of the proposed company must be "conducted mainly outside the [Cayman] Islands". *See* Companies Law at §§ 163 and 165. Exempted companies are also required to file an annual return with the Registrar to this effect, along with its annual fees, pursuant to section 168(b) of the Companies Law. *See* Companies Law at § 168.

41. As indicated above, BHI, the sole voting shareholder of Ardent, is incorporated in the Cayman Islands. Under Cayman law, situs of the shares of a Cayman Islands company is the place of its incorporation, *i.e.*, the Cayman Islands. *See 160088 Canada Incorporated v. Socoa International Limited* [1998] CILR 256.

42. In addition, Ardent was regulated by the Cayman Islands Monetary Authority.

43. Once Ardent was placed into voluntary liquidation, its registered office was transferred to Fund Fiduciary Partners Limited, 2nd Floor Harbour Centre, 42 North Church Street, George Town, Grand Cayman, Cayman Islands, for the purpose of the liquidation.

44. Moreover, Cayman Islands law requires that at least one official liquidator be resident in the Cayman Islands, and here, both JOLs are resident in the Cayman Islands.

45. Under the Supervision Order appointing them, the JOLs were granted extensive powers as outlined above. However, the JOLs must obtain sanction of the Cayman Court in order to undertake certain actions, such as the filing of the Verified Petition. The Ardent liquidation is under the control and supervision of the Cayman Court.

### E. Confidential Relationship Preservations Law (2015 Revision)

46. The Confidential Relationships Preservation Law (2015 Revision) (the "CRPL") of the Cayman Islands mandates that parties, such as Ardent, keep the identities, addresses and particular holdings of their investors confidential. Violations of the CRPL can result in criminal penalties for offenders. Therefore, Ardent may only disclose information that is publicly-available (or for which Ardent has the equity holders' consent) on its list of entities holding more than ten percent (10%) of any class of equity interests in Ardent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 25, 2016           By: _____
                                          Rachael Reynolds, Attorney-at-law
                                          Ogier

# EXHIBIT A

**(May 9, 2016 Notice)**

**ARDENT HARMONY FUND INC.**
**In Voluntary Liquidation**
**(The "Company")**
**The Companies Law (2013 Revision)**
**Registration No. 246187**
**Notice Of Voluntary Winding Up**

TAKE NOTICE that the Company was put into liquidation on 26 April 2016 by a written Special Resolution passed by the sole voting shareholder in lieu of a meeting.

AND FURTHER TAKE NOTICE that Michael Pearson and Andrew Childe of Fund Solution Services Limited, 2nd Floor Harbour Centre, 42 North Church Street, George Town, Cayman Islands have been appointed Joint Voluntary Liquidators of the Company.

CREDITORS OF THE COMPANY are to prove their debts or claims on or before 31 May 2016, and to establish any title they may have under the Companies Law (2013 Revision), or are to be excluded from the benefit of any distribution made before the debts are proved or from objecting to the distribution.

**Dated this 28 day of April 2016**

MICHAEL PEARSON
Joint Voluntary Liquidator

**Contact for enquiries:**
Trudy-Ann Scott
Fund Solution Services Limited,
2nd Floor Harbour Centre
42 North Church Street,
George Town, Grand Cayman
**Address for Service:**
10 Market Street, #769, Camana Bay
Grand Cayman KY1-9006
Cayman Islands
Telephone:  +1 345 947 5855
Email: trudyann.scott@fundsolutionservices.com

**FREMONT VENTURES, LTD.**
**(In Voluntary Liquidation)**
**Registered Company No 121494**
**The Companies Law (Revised)**

The following special resolution was passed by the sole shareholder of the above-named company on 29 April 2016:

"That the Company be wound up voluntarily and that John S. Sullivan of 701 Brickell Avenue, Suite 1350, Miami, Florida 33131, United States of America be appointed as voluntary liquidator for the purpose of the winding up of the Company."

Creditors of this company are to prove their debts or claims within 21 days of the publication of this notice, and to establish any title they may have under the Companies Law (Revised), or be excluded from the benefit of any distribution made before such debts are proved or from objecting to the distribution.

**Date of Voluntary Liquidation: 29 April 2016**

JOHN S. SULLIVAN
Voluntary Liquidator

**Contact for enquiries:**
Name: Tim Cone
Telephone: +1 (345) 949 9876
Facsimile: +1 (345) 949-9877
**Address for service:**
c/o Ogier
89 Nexus Way, Camana Bay
Grand Cayman KY1-9009
Cayman Islands

**ALTEDGE DIVERSIFIED FUND SPC**
**(In Voluntary Liquidation)**
**The Companies Law (2013 Revision)**

TAKE NOTICE that the above-named Company was put into liquidation by way of a special resolution dated 15 April 2016.

AND FURTHER TAKE NOTICE that Matthew Wright and Christopher Kennedy of RHSW (Cayman) Limited have been appointed Joint Voluntary Liquidators of the Company to act jointly and severally for the purposes of such liquidation.

Creditors of the Company are to prove their debts or claims by 9 June 2016 to establish any title they may have under the Companies Law (2013 Revision), or be excluded from the benefit of any distribution made before the debts are proved or from objecting to the distribution.

**Dated: 15 April 2016**

CHRISTOPHER KENNEDY
Joint Voluntary Liquidator

**Contact for enquiries:**
Omar Grant
Telephone: (345) 949 7576
Facsimile:  (345) 949 8295

# EXHIBIT B

# (June 6, 2016 Notice)

# CAYMAN  ISLANDS
# GAZETTE

Monday, 6 June 2016                                                Issue No.12/2016

## CONTENTS

**SUPPLEMENTS**
Laws, Bills, Regulations………….......................Pg.853
**COMMERCIAL**
Liquidation Notices, Notices of Winding Up,
  Appointment of Voluntary Liquidators and Notices to
   Creditors……………….……………............Pg.854
Notices of Final Meeting
  Of Shareholders……………….…………….…..Pg.874
Partnership Notices……………..……………….....Pg.895
Bankruptcy Notices…………………..….….......None
Receivership Notices……………………….........None
Dividend Notices……………………….................Pg.905
Grand Court Notices……………………...……....Pg.905
Struck-off List………………………..….……..None
Reduction of Capital………………..……….......None
Notice of Special Strike………………..............Pg.908
Dormant Accounts Notices……………….…........None
Demand Notices………………………..…..……..Pg.908
Certificate of Merger Notices………………….......Pg.909
Transfer of Companies…………………….……...Pg.910
Regulatory Agency Notices……………...............Pg.910
General Commercial Notices…………………….None
Patent and Trademarks …………………..……...Pg.911

**GOVERNMENT**
Deportation…………………………………...........None
Constitution Order...………………………….......None
Exclusion Orders…...….…………………….........None
Election Notice…………………………….….......None
Appointments……………………………….........Pg,917
Personnel Occurrences……………………………None
Long Service Awards………………………….......None
Public Auction……………………………………..None
Departmental Notices…………………………......None
Court of Appeals Notices……………………........None
Overseas Territories Orders………………….......None
Land Notices……………………………………......None
Change of Name……………….…........................None
Remission of Sentence……………………….......None
Road Notices………………………………………None
Proclamations…………………………….............None
Probate and Administration……………................None
Errata Notices……………………………..............Pg.918
**Gazette Publishing and Advertising
Information**……………………………….........Pg.919
**Gazette Dates and Deadlines**……………….......Pg.920
**INDEX**…………………………….....…………Pg.921

**NOTICE:** *Gazette Publishing Dates & Deadlines* for the year as well as advertising and subscription rates are posted at the back of this Gazette.

**USING THE GAZETTE:** The *Cayman Islands Gazette,* the official newspaper of the Government of the Cayman Islands is published fortnightly on Monday. The next issue (13/16) will be published on 20 June 2016 Closing time for lodgment of commercial notices will be 12 noon, Friday, 10 June 2016. **Government notices must be lodged at the Gazette Office by 12 noon on Wednesday (8 june 2016). This timeframe will be followed for all Gazettes.** Notices are accepted for publication in the next issue, unless otherwise specified.

Original copies of notices must be submitted for publication. Dates, proper names and signatures are to be shown clearly. Faxed transmissions of copy are not acceptable, unless arrangements have been made with the Gazette Office, in which case they must be followed by a signed original delivered the same day. We invite submissions by email for use with Microsoft Word software, followed, or accompanied, by an original print version. Covering instructions setting out requirements must accompany all notices. Copies will be returned unpublished if not submitted in accordance with these requirements.

**Notices for publication and related correspondence should be addressed to:**
Gazette Office
Government Information Services
2 Floor
Cayman Islands Government Administration Building
133 Elgin Avenue, Box 119, George Town
Grand Cayman KY1-9000
Telephone (345) 949-8092
Facsimile (345) 949-5936
caymangazette@gov.ky

Publishing dates, deadlines to the end of the year, and advertising and subscription rates are posted at the back of this *Gazette*.

# Supplements

The following supplements are published with this issue of the *Gazette*. Further copies may be obtained from the Clerk of the Legislative Assembly.

1. The Regulatory Policy On Fitness And Propriety.
2. The Regulatory Procedure - Assessing Fitness Aand Propriety.
3. The Regulatory Policy – Recognised Overseas Regulatory Authorities – Securities Investment Business Law
4. The Statement Of Guidance - For Licensees Seeking Approval To Use An Internal Capital Model To Calculate The Prescribed Capital Requirement.
5. The Regulatory Procedure - Submission Process For Licensees Seeking Approval To Use An Internal Capital Model To Calculate The Prescribed Capital Requirement.

***(These documents are available on the Gazette website only)***

# COMMERCIAL
# Voluntary Liquidator and Creditor Notices

**SAGE OPPORTUNITY FUND (OFFSHORE) LTD.**
**(In Voluntary Liquidation)**
**(Company)**
**The Companies Law**

The following special resolution was passed by the members of the Company on 12 May 2016:

RESOLVED as a Special Resolution that the Company be placed into voluntary liquidation.

RESOLVED as Ordinary Resolutions that:

Andre Slabbert of Estera Trust (Cayman) Limited be appointed as voluntary liquidator of the Company;  and the remuneration of the liquidator be approved and may be paid out of the Company's assets.

Creditors of the Company are to prove their debts or claims on or before 29 June 2016, and to establish any title they may have under the Companies Law, or to be excluded from the benefit of any distribution made before the debts are proved or from objecting to the distribution.

**Dated: 17 May 2016**

ANDRE SLABBERT OF ESTERA TRUST (CAYMAN) LIMITED
Voluntary Liquidator

**Contact for enquiries:**
Name: Andre Slabbert
Telephone:   +1 345 949 4900
**Address for Service:**
c/o Estera Trust (Cayman) Limited
75 Fort Street
PO Box 1350
Grand Cayman KY1-1108
Cayman Islands

**SAGE MASTER INVESTMENTS LTD.**
**(In Voluntary Liquidation)**
**(Company)**
**The Companies Law**

The following special resolution was passed by the members of the Company on 12 May 2016:

RESOLVED as a Special Resolution that the Company be placed into voluntary liquidation.

RESOLVED as Ordinary Resolutions that:

Andre Slabbert of Estera Trust (Cayman) Limited be appointed as voluntary liquidator of the Company;  and the remuneration of the liquidator be approved and may be paid out of the Company's assets.

Creditors of the Company are to prove their debts or claims on or before 29 June 2016, and to establish any title they may have under the Companies Law, or to be excluded from the benefit of any distribution made before the debts are proved or from objecting to the distribution.

**Dated: 17 May 2016**

ANDRE SLABBERT OF ESTERA TRUST (CAYMAN) LIMITED
Voluntary Liquidator

**Contact for enquiries:**
Name: Andre Slabbert
Telephone: +1 345 949 4900
**Address for Service:**
c/o Estera Trust (Cayman) Limited
75 Fort Street
PO Box 1350
Grand Cayman KY1-1108
Cayman Islands

**ARDENT HARMONY FUND INC.**
**(In Liquidation)**
**(The "Company")**
**Grand Court Cause No. FSD 54 Of 2016**
**(RMJ)**

TAKE NOTICE that by order of the Grand Court of the Cayman Islands (the "Court"), made on May 10, 2016, the voluntary liquidation of the Company, registration number 246187, whose registered office is situated at Fund Fiduciary Partners Limited, 2nd Floor Harbour Center, 42 North Chruch Street, George Town, Grand Cayman, Cayman Islands, was ordered to continue under the supervision of the Court in accordance with the Companies Law.

AND FURTHER TAKE NOTICE that Michael Pearson and Andrew Childe of Fund Solution Services Limited, 2nd Floor Harbour

Centre, 42 North Church Street, Grand Cayman, Cayman Islands, have been appointed as Joint Official Liquidators of the Company.
**Dated this 12 day of May 2016**
MICHAEL PEARSON
Joint Voluntary Liquidator
**Contact for enquiries:**
Trudy-Ann Scott
Fund Solution Services Limited
2nd Floor Harbour Centre
42 North Church Street
George Town, Grand Cayman
**Address for Service:**
10 Market Street, #769, Camana Bay
Grand Cayman KY1-9006
Cayman Islands
Telephone: +1 345 947 5855
Email: trudyann.scott@fundsolutionservices.com

**ACHIEVEMENT MASTER FUND LTD.**
**In Voluntary Liquidation**
**(The "Company")**
**The Companies Law (2013 Revision)**
**Registration No. CR-267220**
**Notice of Voluntary Winding Up**

TAKE NOTICE that the above named Company was put into liquidation on May 2, 2016 by a written Special Resolution passed by the sole voting shareholder in lieu of a meeting.

AND FURTHER TAKE NOTICE that Fund Solution Services Limited, 2nd Floor Harbour Centre, 42 North Church Street, George Town, Cayman Islands has been appointed Voluntary Liquidator of the Company.

CREDITORS OF THE COMPANY are to prove their debts or claims on or before June 28, 2016, and to establish any title they may have under the Companies Law (2013 Revision), or are to be excluded from the benefit of any distribution made before the debts are proved or from objecting to the distribution.

**Dated this 12 day of May 2016**
FUND SOLUTION SERVICES LIMITED
Voluntary Liquidator

**Contact for enquiries:**
Trudy-Ann Scott
Fund Solution Services Limited
2nd Floor Harbour Centre
42 North Church Street, George Town
Grand Cayman
**Address for Service:**
10 Market Street, #769, Camana Bay
Grand Cayman KY1-9006
Cayman Islands
Telephone: +1 345 947 5855
Email: trudyann.scott@fundsolutionservices.com

**ACHIEVEMENT FUND LTD.**
**In Voluntary Liquidation**
**(The "Company")**
**The Companies Law (2013 Revision)**
**Registration No. Cr-267223**
**Notice Of Voluntary Winding Up**

TAKE NOTICE that the above named Company was put into liquidation on 2 May 2016 by a written Special Resolution passed by the sole voting shareholder in lieu of a meeting.

AND FURTHER TAKE NOTICE that Fund Solution Services Limited, 2nd Floor Harbour Centre, 42 North Church Street, George Town, Cayman Islands has been appointed Voluntary Liquidator of the Company.

CREDITORS OF THE COMPANY are to prove their debts or claims on or before 28 June 2016, and to establish any title they may have under the Companies Law (2013 Revision), or are to be excluded from the benefit of any distribution made before the debts are proved or from objecting to the distribution.

**Dated this 12 day of May 2016**
FUND SOLUTION SERVICES LIMITED
Voluntary Liquidator

**Contact for enquiries:**
Trudy-Ann Scott
Fund Solution Services Limited,
2nd Floor Harbour Centre
42 North Church Street
George Town, Grand Cayman