REED SMITH LLP
James C. McCarroll
Kurt F. Gwynne (*pro hac vice* pending)
Gil Feder
Casey D. Laffey
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: jmccarroll@reedsmith.com
       kgwynne@reedsmith.com
       gfeder@reedsmith.com
       claffey@reedsmith.com

*Counsel for the Petitioner, Michael Pearson,
in his capacity as Joint Official Liquidator and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Ardent Harmony Fund Inc., <br><br> Debtor. | Chapter 15 <br><br> Case No.:  16-12282 |

*EX PARTE* **MOTION OF PETITIONER FOR AN ORDER
(I) SCHEDULING HEARING ON RECOGNITION OF VERIFIED
CHAPTER 15 PETITION AND MOTION FOR RELATED RELIEF
AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Michael Pearson, in his capacity as Joint Official Liquidator and duly-authorized foreign representative (the "Petitioner" or "JOL") of Ardent Harmony Fund Inc. ("Ardent") in respect of an official liquidation proceeding, Cause No. FSD 54 of 2016 (the "Cayman Proceeding"), pending before the Grand Court of the Cayman Islands (the "Cayman Court"), Financial Services Division, pursuant to Part V of the Companies Law (2013 Revision) (the "Companies Law"), by and through his United States counsel, Reed Smith LLP, respectfully submit this *ex parte* motion (the "Motion") seeking the entry of an order, substantially in the form of the proposed order attached as Exhibit A: (i) scheduling a hearing (the "Recognition Hearing") on the relief sought

in the *Verified Petition for Recognition of Foreign Proceeding* and the *Motion in Support of Verified Petition for Recognition of Foreign Proceeding and Foreign Representative and for Related Relief* (together, the "Verified Petition and Related Motion") filed concurrently herewith, and (ii) specifying the form and manner of service of notice thereof. In support of the Motion, the Petitioner respectfully represents as follows:

### Jurisdiction, Venue, and Predicates for Relief

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

2. The predicates for the relief requested herein are 11 U.S.C. § 105(a) and Rules 1011, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

### Background

3. Background information relevant to this Motion is set forth in (a) the Verified Petition and Related Motion, (b) the *Declaration of Michael Pearson in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and Foreign Representative and for Related Relief* (the "Pearson Declaration"), and (c) the *Declaration of Rachael Reynolds in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and Foreign Representative and for Related Relief* (the "Reynolds Declaration" and together with the Pearson Declaration, the "Declarations"), which were filed concurrently herewith and are incorporated by reference.

**Relief Requested**

4. This Motion seeks the entry of an order, substantially in the form of the proposed order attached as <u>Exhibit A</u>: (i) scheduling the Recognition Hearing for August 29, 2016, at 11:00 a.m. (Eastern) or as soon thereafter as the Court's calendar permits, (ii) setting August 22, 2016, at 4:00 p.m. (Eastern), which is seven days prior to the Recognition Hearing, as the deadline by which any responses or objections to the relief requested in the Verified Petition and Related Motion must be received by counsel for the Petitioner and filed with the Court (the "<u>Objection Deadline</u>"), (iii) approving the form of notice of the Recognition Hearing attached as <u>Exhibit B</u> (the "<u>Notice</u>"), and (iv) specifying the manner of service or publication of the Notice as described herein.

**Basis for Relief**

5. Bankruptcy Rule 2002(q)(l) provides that at least 21 days' notice of a hearing to consider a petition for recognition of a foreign proceeding must be given to the "debtor, all administrators in foreign proceedings of the debtor, [all] entities against whom provisional relief is being sought under" section 1519 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), all parties to any pending litigation "in the United States in which the debtor is a party," and any other parties as the Court may direct.

6. Bankruptcy Rules 2002(m) and 9007 state that the form and manner of notice shall be designated by the Court, unless otherwise provided by the Bankruptcy Rules. The Bankruptcy Rules do not prescribe the form and manner of notice to be provided in connection with a hearing on a petition for recognition of a foreign proceeding and, therefore, the Court may do so.

7. The following parties are entitled to notice of the Recognition Hearing (collectively, the "<u>Notice Parties</u>"):

### i. The Debtor

Ardent Harmony Fund Inc.
c/o Fund Fiduciary Partners Limited
2nd Floor Harbour Center
42 North Church Street,
George Town, Grand Cayman
Cayman Islands

### ii. Joint Official Liquidators in the Foreign Proceeding:

Michael Pearson, Joint Official Liquidator
Andrew Childe, Joint Official Liquidator
Fund Fiduciary Partners
2nd Floor Harbour Center
42 North Church Street,
George Town, Grand Cayman
Cayman Islands
Email:  michael.pearson@fundsolutionservices.com
Email: Andrew.childe@fundsolutionservices.com

### iii. Parties to U.S. Litigation (Last Known Addresses):[1]

RMP Capital Corp., Inc.
126 Main St.
Unit 265
Cold Spring Harbor, NY 11724

Bruin Funding LLC
126 Main St.
Unit 265
Cold Spring Harbor, NY 11724

### iv. Parties Against Whom Petitioner Seeks Provisional Relief under Section 1519

- None [Petitioner does not seek provisional relief]

### v. Other Parties Entitled to or Otherwise Receiving Notice

- The Office of the United States Trustee
- Such other entities as the Court may direct

---

[1] On April 29, 2016, Ardent, by and through its JOLs, commenced an action against RMP Capital Corp., Inc. and Bruin Funding LLC in the Supreme Court of the State of New York, Nassau County, captioned *Ardent Harmony Fund Inc. v. RMP Capital Corp., Inc., et al.*; Index No. 603046/2016.

8.  Consistent with the applicable Bankruptcy and Local Rules, the Petitioner seeks to provide notice of this Chapter 15 case to the Notice Parties. The Petitioner respectfully submits that Bankruptcy Rule 2002(q) is satisfied by (i) service of the Notice, the Verified Petition and Related Motion, and the Declarations (together, the "Notice Documents") by United States mail, first-class postage prepaid (or overnight courier, as the Court may direct), on the Notice Parties, in accordance with Bankruptcy Rules 2002(k) and (q) and Local Rule 9013-1(b). The Petitioner further submits that such service constitutes adequate and sufficient notice of this Chapter 15 case, the relief sought in the Verified Petition and Related Motion, the deadline for filing objections to the relief sought in the Verified Petition and Related Motion, and the time, date, and place of the Recognition Hearing. Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002 (m), (q), and 9007.

9.  Moreover, the Petitioner will provide notice of the Recognition Hearing and Objection Deadline by publication[2] of a notice in the *Gazette*.[3]

10. The Petitioner respectfully submits that the form of Notice (attached as Exhibit B) provides adequate information to apprise the Notice Parties of the relief sought in the Verified Petition and Related Motion and requests that the Court declare the form and content of the Notice to be sufficient and in compliance with the applicable Bankruptcy Rules and Local Rules.

11. Bankruptcy Rule 1011(b) provides that a party objecting to a petition filed to commence a proceeding under Chapter 15 of the Bankruptcy Code has 21 days from the date of

---

[2] Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).

[3] Such publication notice is consistent with the manner of publication notice required by a liquidator under Cayman Island law. *See* Companies Law at § 98 ("When a winding up order is made, the liquidator shall … publish notice of the winding up in the Gazette and any newspaper in which the winding up petition was advertised"); at § 123 ("Within twenty-eight days of the commencement of a voluntary winding up, the liquidator shall … publish notice of the winding up in the Gazette."). *See* Reynolds Declaration at ¶¶ 16, 19.

service of the petition to respond. The Petitioner respectfully submits that: (i) scheduling the Recognition Hearing for August 29, 2016, at 11:00 a.m. (Eastern) or as soon thereafter as the Court's calendar permits and (ii) setting August 22, 2016, at 4:00 p.m. (Eastern) as the Objection Deadline, is appropriate under the circumstances.

12.     Section 1514(c) of the Bankruptcy Code provides that when "notification of commencement of a case is to be given to foreign creditors, such notification shall. . . indicate the time period for filing proofs of claim[,] specify the place for filing such proofs of claim[, and] indicate whether secured creditors need to file proofs of claim." 11 U.S.C. § 1514(c). It is not clear that section 1514 of the Bankruptcy Code applies in the context of a case under Chapter 15 in which administration of claims may not take place. Section 1514 of the Bankruptcy Code is the "last in the series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511. . . ." 8 COLLIER ON BANKRUPTCY ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Furthermore, as described in the Pearson Declaration, at ¶ 31, the Petitioner submits that claims against Ardent will be administered in the Cayman Proceeding.

13.     Therefore, the Petitioner requests that this Court waive (to the extent applicable) the notice requirements of section 1514(c).

14.     As stated by Judge Louise de Carl Adler (of the U.S. Bankruptcy Court for the Southern District of California):

> A judge may be asked by the foreign representative *not* to give the full notice required upon case commencement by § 1514(c)(1)–(2). Modification of that section to avoid confusion and a conflicting claims process seems to be appropriate in instances in which a bar date has already been fixed in the foreign case and notice has already been given to creditors in that case. Deferral may also be desirable because the claims process has not yet been established in the foreign jurisdiction and the foreign representative may need more time to coordinate the filing of claims as

between the U.S. case and foreign case. Finally, if there is some question whether the foreign proceeding is the "main" proceeding, the judge may wish to instruct the parties to defer sending out notice of where to file claims until the judge has decided the issue.

Hon. Louise de Carl Adler, *Managing the Chapter 15 Cross-Border Insolvency Case, A Pocket Guide for Judges* at 9 (Fed. Jud. Ctr. 2011).

15. Such relief is routinely granted by Courts on an *ex parte* basis in Chapter 15 cases. *See, e.g., In re Strata Energy Services Inc. et al.*, Case No. 15-20821 (Bankr. D. Wy. Dec. 15, 2015) [D.I. 13]; *In re Cogent Fibre Inc.*, Case No. 15-11877 (Bankr. S.D.N.Y. July 21, 2015) [D.I. 14]; *In re Upper Deck Int'l B.V.*, Case No. 12-14294 (Bankr. S.D.N.Y. Oct. 18, 2012) [D.I. 8] (entered on an *ex parte* basis); *In re Lion City-Run Off Private Limited*, Case No. 06-10461 (Bankr. S.D.N.Y. March 20, 2006) [D.I. 8].

## *Ex Parte* Motion

16. Given the procedural nature of the relief sought herein, this Motion is made on an *ex parte* basis.

## No Prior Request

17. No prior motion or application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Petitioner respectfully requests that the Court enter the proposed order attached as <u>Exhibit A</u> (i) scheduling the Recognition Hearing and setting the Objection Deadline, (ii) approving the form of Notice attached as <u>Exhibit B</u> and the manner of service of the Notice Documents, and (iii) granting the Petitioner such other relief as is appropriate.

Dated: August 5, 2016  
New York, New York

Respectfully submitted:

REED SMITH LLP

By: /s/ James C. McCarroll  
James C. McCarroll  
Kurt F. Gwynne (*pro hac vice* pending)  
Gil Feder  
Casey D. Laffey  
599 Lexington Avenue  
New York, NY  10022-7650  
Telephone: (212) 521-5400  
Facsimile: (212) 521-5450  
Email: jmccarroll@reedsmith.com  
         kgwynne@reedsmith.com  
         gfeder@reedsmith.com  
         claffey@reedsmith.com

*Counsel for the Petitioner, Michael Pearson, in his capacity as Joint Official Liquidator and Foreign Representative*

**Exhibit A**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Ardent Harmony Fund Inc.,<br><br>　　　　　　　Debtor. | Chapter 15<br><br>Case No.: 16-12282 |

*EX PARTE* ORDER (I) SCHEDULING HEARING ON RECOGNITION OF VERIFIED CHAPTER 15 PETITION AND MOTION FOR RELATED RELIEF AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Upon consideration of the *Ex Parte* Motion of Michael Pearson, in his capacity as Joint Official Liquidator and duly-authorized foreign representative (the "Petitioner") of Ardent Harmony Fund Inc. for an Order (i) Scheduling a Recognition Hearing on the Recognition of Verified Petition and Motion for Related Relief, and (ii) Specifying the Form and Manner of Service of Notice (the "Motion");[1] it is hereby

**ORDERED**, that the Motion is granted to the extent provided herein;

**ORDERED**, that the notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in this Chapter 15 proceeding;

**ORDERED**, that the form of Notice attached to the Motion as Exhibit B is hereby approved;

**ORDERED**, that a copy of the Notice, the Verified Petition and Related Motion, and the Declarations shall be served by United States mail, first-class postage prepaid, on each of the Notice Parties on or before _____, **2016**;

**ORDERED**, that notice in accordance with this Order shall constitute sufficient notice of the Verified Petition and Related Motion and the Recognition Hearing in compliance with the Bankruptcy Rules and the Local Rules;

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to such terms in the Motion.

- 2 -

**ORDERED**, that the Petitioner shall provide notice of the Recognition Hearing and Objection Deadline by publication of a notice in the *Gazette* (provided that the next edition of the *Gazette* will be published prior to the Recognition Hearing);

**ORDERED**, that the Recognition Hearing shall be held before this Court in the United States Bankruptcy Court for the Southern District of New York, 1 Bowling Green, New York, New York 10004, on _____, 2016, at _____:___ __.m. (**Eastern**);

**ORDERED**, that responses or objections, if any, to the Verified Petition and Related Motion shall be made in writing and shall set forth the basis thereof, and such responses or objections must be: (i) filed with this Court on or before _____, **2016, at _____:_____ ___.m. (Eastern)**, which is at least seven days before the Recognition Hearing (the "Objection Deadline"), and (ii) served upon the Petitioner's counsel at Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022-7650 (Attention: James C. McCarroll and Kurt F. Gwynne), so as to be received by the Objection Deadline; and it is further

**ORDERED**, the Petitioner may file a reply in support of the Verified Petition and Related Motion by Noon on the day before the Recognition Hearing.

Dated: _____, 2016
      New York, New York                             _____
                                                               UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**(Form of Notice)**

                                   Pg 13 of 15

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Ardent Harmony Fund Inc., | Case No.: 16-12282 |
| Debtor. | |

**NOTICE OF FILING AND HEARING ON (I) VERIFIED PETITION
FOR RECOGNITION OF FOREIGN PROCEEDING AND (II) MOTION IN
SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF FOREIGN
PROCEEDING AND FOREIGN REPRESENTATIVE AND FOR RELATED RELIEF**

**PLEASE TAKE NOTICE** that on August 5, 2016, Michael Pearson, in his capacity as Joint Official Liquidator and duly-authorized foreign representative (the "Petitioner") of Ardent Harmony Fund Inc. ("Ardent") in respect of an official liquidation proceeding, Cause No. FSD 54 of 2016 (the "Cayman Proceeding"), pending before the Grand Court of the Cayman Islands, Financial Services Division, pursuant to section 116(c) of The Companies Law (2013 Revision), by and through his United States counsel, Reed Smith LLP, filed a *Verified Petition for Recognition of Foreign Proceeding* and related *Motion in Support of Verified Petition for Recognition of Foreign Proceeding and Foreign Representative and for Related Relief* (together, the "Verified Petition and Related Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that the Verified Petition and Related Motion seek, among other things, the entry of an order: (i) recognizing the Cayman Proceeding as a foreign main proceeding, (ii) recognizing the Petitioner as the foreign representative of Ardent, and (iii) granting related relief under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing to consider the relief requested in the Verified Petition and Related Motion for _____, 2016, at ____:____ __.m. **(Eastern)** (the "Recognition Hearing") in Courtroom _____ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the Chapter 15 case.

**PLEASE TAKE FURTHER NOTICE** that copies of the Verified Petition and Related Motion (and all accompanying documentation) are available to parties in interest through the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to

retrieve a document) or upon written request to the Petitioner's counsel (including by e-mail) addressed to:

>REED SMITH LLP
>James C. McCarroll
>Kurt F. Gwynne (*pro hac vice* pending)
>Gil Feder
>Casey D. Laffey
>599 Lexington Avenue
>New York, NY  10022-7650
>Telephone:  (212) 521-5400
>Facsimile:  (212) 521-5450
>Email: jmccarroll@reedsmith.com
>         kgwynne@reedsmith.com
>         gfeder@reedsmith.com
>         claffey@reedsmith.com

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Verified Petition and Related Motion, or the relief requested therein, must do so in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, setting forth in writing the basis thereof.  Any such response or objection must be filed with the Bankruptcy Court no later than _____**, 2016, at ____:____ __.m. (Eastern)** (the "Objection Deadline").  Additionally, any response or objection must be served on counsel for the Petitioner, Reed Smith LLP, 599 Lexington Avenue, New York, NY  10022-7650 (Attention: James C. McCarroll and Kurt F. Gwynne), so as to be received by the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposing the Verified Petition and Related Motion, or the relief requested therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served, the Court may grant the relief requested in the Verified Petition and Related Motion without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Bankruptcy Court, of the adjourned date or dates at the Recognition Hearing or any other further adjourned hearing.

| | |
|---|---|
| Dated:  August 5, 2016<br>New York, New York | Respectfully submitted:<br><br>REED SMITH LLP<br><br>By:  */s/ James C. McCarroll*<br>     James C. McCarroll<br>     Kurt F. Gwynne (*pro hac vice* pending)<br>     Gil Feder<br>     Casey D. Laffey<br>     599 Lexington Avenue<br>     New York, NY  10022-7650<br>     Telephone:  (212) 521-5400<br>     Facsimile:  (212) 521-5450<br>     Email:  jmccarroll@reedsmith.com<br>                 kgwynne@reedsmith.com<br>                 gfeder@reedsmith.com<br>                 claffey@reedsmith.com<br><br>     *Counsel for the Petitioner, Michael Pearson,*<br>     *in his capacity as Joint Official Liquidator and*<br>     *Foreign Representative* |

- 3 -